FRANK C. GILMORE, ESQ. - NSB #10052
fgilmore@rssblaw.com
HANNAH E. WINSTON, ESQ. – NSB #14520
hwinston@rssblaw.com
**Robison, Sharp, Sullivan & Brust**
71 Washington Street
Reno, Nevada 89503
Telephone:    (775) 329-3151
Facsimile:    (775) 329-7169

Attorneys for Defendant
ENENSTEIN PHAM & GLASS,
A PROFESSIONAL CORPORATION

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| In Re: | Lead Case No. BK-19-50102-gs |
|---|---|
| DOUBLE JUMP INC., | Chapter 7 |
| Debtor. | Jointly Administered with: |
| Affects: | 19-50130-gs / DC Solar Solutions, Inc.<br>19-50131-gs / DC Solar Distribution, Inc.<br>19-50135-gs / DC Solar Freedom, Inc. |
| ☐ DC Solar Solutions, Inc.<br>☐ DC Solar Distribution, Inc.<br>☐ DC Solar Freedom, Inc.<br>☐ Double Jump, Inc. | |
| CHRISTINA W. LOVATO, | Adv. Proc. No. 21-05040-gs |
| Plaintiff, | **ANSWER TO FIRST AMENDED ADVERSARY COMPLAINT** |
| vs. | Hearing Date: N/A<br>Hearing Time: N/A |
| ENENSTEIN PHAM & GLASS, A PROFESSIONAL CORPORATION, | |
| Defendant. | |

    Defendant Enenstein Pham & Glass ("Defendant"), by and through its counsel, Robison, Sharp, Sullivan & Brust, answers the First Amended Adversary Complaint ("Complaint") filed by Plaintiff Christina W. Lovato, by and through her counsel, Jeffrey Hartman, Esq. of Hartman & Hartman and Michael S. Budwick, Esq., Solomon B. Genet, Esq., Gil Ben-Ezra, Esq., and Kevin

Paule, Esq. of Meland Budwick, P.A., ("Plaintiff"), as follows:

## PARTIES

1. Paragraph 1 contains only legal conclusions; therefore, Defendant need not respond to same. To the extent paragraph 1 contains factual allegations, Defendant denies same.

2. Defendant admits the allegations in Paragraph 2.

## JURISDICTION

3. Paragraph 3 of the Complaint does not contain any charging allegation which requires this Defendant to admit or deny the same. To the extent the paragraph contains allegations which require a response, the Defendant denies the same. However, Defendant denies that Nevada substantive law applies to all of the claims asserted herein, but admits that Nevada's choice of law provisions will determine which substantive law applies. Defendant admits that the Bankruptcy Court may "hear" the claims, but Defendant denies that this Court has jurisdiction to enter final orders or judgments or to conduct the requested jury trial. Defendant denies that this action is constitutionally permitted to be a core proceeding, and Defendant does not consent to the entry of final orders or judgments or the conduct of a jury trial by the bankruptcy court. Defendant denies the allegations contained in Paragraph 3 regarding venue of the Complaint, but has elected not to challenge venue.

4. In response to the allegations contained in paragraph 4 of the Complaint, Defendant does not consent to the entry of final orders or judgments or the conduct of a jury trial by the bankruptcy court.

## FACTUAL ALLEGATIONS

I. **DC Solar and the Carpoff Ponzi Scheme**

5. Defendant is without sufficient information to admit or deny the allegations in Paragraph 5, and therefore, denies same.

6. Defendant admits the allegations in Paragraph 6.

7. Defendant admits the allegations in Paragraph 7 on information and belief.

8. Defendant is without sufficient information to admit or deny the allegations in Paragraph 8, and therefore, denies same.

9. Defendant is without sufficient information to admit or deny the allegations in Paragraph 9, and therefore, denies same.

10. Defendant admits the allegations in Paragraph 10 on information and belief.

11. Defendant is without sufficient information to admit or deny the allegations in Paragraph 11, and therefore, denies same.

12. Defendant is without sufficient information to admit or deny the allegations in Paragraph 12, and therefore, denies same.

13. Defendant is without sufficient information to admit or deny the allegations in Paragraph 13, and therefore, denies same.

14. Defendant is without sufficient information to admit or deny the allegations in Paragraph 14, and therefore, denies same.

15. Defendant is without sufficient information to admit or deny the allegations in Paragraph 15, and therefore, denies same.

16. Defendant is without sufficient information to admit or deny the allegations in Paragraph 16, and therefore, denies same.

17. Defendant is without sufficient information to admit or deny the allegations in Paragraph 17, and therefore, denies same.

18. Defendant is without sufficient information to admit or deny the allegations in Paragraph 18, and therefore, denies same.

**II.    The Raid Through the Debtors' Bankruptcy Filing**

19. Defendant admits the allegations in Paragraph 19.

20. Defendant is without sufficient information to admit or deny the allegations in Paragraph 20, and therefore, denies same.

21. Defendant admits the allegations in paragraph 21.

**III.    The Defendant and the Transfers**

22. Defendant denies the allegations in Paragraph 22.

23. Defendant admits the allegations in Paragraph 23.

24. Defendant admits the allegations in Paragraph 24.

25. Paragraph 25 appears to quote from a written document. The written document speaks for itself; therefore, Defendant denies any allegations in Paragraph 25 that are inconsistent with the written document.

26. Responding to Paragraph 26, Defendant admits that First American transferred $75,000 to Defendant's client trust account on February 25, 2019. Defendant denies the remaining allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29.

## CLAIMS FOR RELIEF

### COUNT I
### Post-Petition Transfer
### 11 U.S.C. § 549

30. Defendant incorporates the preceding paragraphs as though fully set forth herein.

31. Responding to Paragraph 31, Defendant admits receiving a wire transfer from First American on February 25, 2019, to its client trust account.

32. Paragraph 32 contains legal conclusions; therefore, Defendant need not respond to same. To the extent Paragraph 32 contains factual allegations, Defendant denies same.

### COUNT II
### Actual Fraudulent Transfer
### 11 U.S.C. § 548(a)(1)(A)

33. Paragraph 33 contains legal conclusions; therefore, Defendant need not respond to same. To the extent Paragraph 33 contains factual allegations, Defendant denies same.

34. Defendant incorporates the preceding paragraphs as though fully set forth herein.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

### COUNT III
### Constructive Fraudulent Transfer
### 11 U.S.C. § 548(a)(1)(B)

37. Paragraph 37 contains legal conclusions; therefore, Defendant need not respond to same. To the extent Paragraph 37 contains factual allegations, Defendant denies same.

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

38. Defendant incorporates the preceding paragraphs as though fully set forth herein.

39. Defendant denies the allegations in Paragraph 39.

40. Defendant is without sufficient information to admit or deny the allegations in Paragraph 40, and therefore, denies same.

41. Defendant denies the allegations in Paragraph 41 upon information and belief.

**COUNT IV**
**11 U.S.C. § 550(a)**

42. Defendant incorporates the preceding paragraphs as though fully set forth herein.

43. Paragraph 43 contains legal conclusions; therefore, Defendant need not respond to same. To the extent Paragraph 43 contains factual allegations, Defendant denies same.

44. Paragraph 44 contains legal conclusions; therefore, Defendant need not respond to same. To the extent Paragraph 44 contains factual allegations, Defendant denies same.

**COUNT V**
**Conversion**

45. Defendant incorporates the preceding paragraphs as though fully set forth herein.

46. Paragraph 46 contains legal conclusions; therefore, Defendant need not respond to same. To the extent Paragraph 46 contains factual allegations, Defendant denies same.

47. Defendant denies the allegations in Paragraph 47.

48. Defendant denies the allegations in Paragraph 48.

49. Defendant denies the allegations in Paragraph 49.

**COUNT VI**
**Turnover**
**11 U.S.C. § 542**

50. Defendant incorporates the preceding paragraphs as though fully set forth herein.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant denies the allegations in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53.

54. Defendant denies the allegations in Paragraph 54.

///

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

To the extent avoidable and otherwise recoverable by Plaintiff, Defendant is a good faith transferee who received the Transfer in satisfaction of a present or antecedent debt without knowledge of the voidability of the transfer sought to be avoided in the Complaint pursuant to 11 U.S.C. § 550(b)(1) and/or (b)(2).

### SECOND AFFIRMATIVE DEFENSE

Each of Plaintiff's claims is barred by the doctrine of *in pari delicto.*

### THIRD AFFIRMATIVE DEFENSE

In relation to any alleged transfer, Defendant was a conduit for all or part of the transferred property and did not have control or dominion over the transferred property.

### FOURTH AFFIRMATIVE DEFENSE

In relation to any alleged Transfer, Plaintiff is prohibited from recovery from Defendant under 11 U.S.C. § 550.

### FIFTH AFFIRMATIVE DEFENSE

Each of the claims is barred by the Doctrine of Estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Each of the claims is barred by the Doctrine of Waiver.

### SEVENTH AFFIRMATIVE DEFENSE

Each of the claims is barred by the Doctrine of Laches.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent Defendant received any purported property, it did so in good faith, for value, and without knowledge of the voidability of the transfer.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or subject to reduction based upon the doctrines of setoff and/or recoupment, including by virtue of the doctrine of unjust enrichment to the extent of payments made, services rendered, time expended, and consideration provided by Defendant for which it would be unjust for Plaintiff to benefit.

### TENTH AFFIRMATIVE DEFENSE

To the extent of any transfer made and sought to be recovered herein, Defendant is a good faith transferee who took for value and in good faith, and Defendant has a lien on or may retain any interest transferred or may enforce any obligation incurred, as the case may be, to the extent it gave value to the debtor in exchange for such transfer or obligation, pursuant to section 548(c) of the Bankruptcy Code and any analogous provision of any applicable state law.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the statute of limitations.

**WHEREFORE**, Defendant prays as follows:

1. That Plaintiff take nothing by way of the Complaint;
2. That Defendant be awarded reasonable attorney fees and costs; and
3. For such other relief as this Court deems just and proper.

DATED this 14th day of July 2021.

ROBISON, SHARP, SULLIVAN & BRUST
71 Washington Street
Reno, Nevada 89503

By: /s/ Frank C. Gilmore
FRANK C. GILMORE
HANNAH E. WINSTON

*Attorneys for Defendant-Enenstein Pham & Glass*

## CERTIFICATE OF SERVICE

Pursuant to FRBP 7005 and FRCP 5(b), I certify that I am an employee of ROBISON, SHARP, SULLIVAN & BRUST, that I am over the age of 18 and not a party to the above-referenced case, and that on the date below I caused to be filed and served a true copy of **ANSWER TO FIRST AMENDED ADVERSARY COMPLAINT** as indicated: below:

__XX__     **BY NOTICE OF ELECTRONIC FILING**: through Electronic Case Filing System of the United States Bankruptcy Court, District of Nevada, to the individuals and/or entities at their email addresses as set forth below:

Jeffrey L. Hartman, Esq., notices@bankruptcyreno.com

Michael S. Budwick, Esq., mbudwick@melandbudwick.com
Solomon B. Genet, Esq., sgenet@melandbudwick.com
Gil Ben-Ezra, Esq., gbenezra@melandbudwick.com
Kevin Paule, Esq., kpaule@melandbudwick.com

___     **BY MAIL**: by placing the document listed above in a sealed envelope with Postage thereon fully prepaid in the United States Mail at Reno, Nevada, and addressed as set forth below. I am readily familiar with my office's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on 14 July 2021, with postage thereon fully prepaid in the ordinary course of business.

DATED: This 14th day of July, 2021.

                 /s/Mary Carroll Davis
                 Employee of Robison, Sharp, Sullivan & Brust

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151